# IN THE UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| State Farm Mutual Automobile Insurance Company, | ) ) ) | |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | C.A. No.: 9:22-CV-03099-RMG |
| Frank Blake, Quinniah Williams, Latroy Tyrone Bryant, and Katrina Taylor, | ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Default Judgment, pursuant to Rule 55 of the Federal Rules of Civil Procedure, against Defendants Frank Blake ("Blake") and Katrina Taylor ("Taylor"). This matter was commenced by the filing of a Summons and Complaint on September 14, 2022. On September 27, 2022, the Summons and Complaint were personally served on Taylor. On May 24, 2023, May 31, 2023 and June 7, 2023, the Summons and Complaint were served on Blake by publication in *The Post and Courier* newspaper. As such, State Farm filed Requests for Entry of Default as to Taylor and Blake. The Clerk entered default against Taylor on February 8, 2023 and default against Blake on July 14, 2023. Thereafter, State Farm filed a Motion for Default Judgment against Blake and Taylor.

Based on the pleadings in this matter, I make the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1.  The Court has subject matter and personal jurisdiction for this case and these parties.

2. State Farm filed its Summons and Complaint in this matter on September 14, 2022 seeking a declaration that an insurance policy issued to Frankie Williams bearing policy number 566 6911-B13-40 ("the Policy") does not afford coverage for claims or damages arising out of an automobile accident on October 15, 2020 ("the Underlying Accident").

3. Taylor and Blake were properly served with the Summons and Complaint in this declaratory judgment action and did not respond or otherwise appear in this declaratory judgment action.

4. Blake filed a lawsuit seeking damages arising out of the Underlying Accident against Defendants Quinniah Williams and Latroy Tyrone Bryant in the Hampton County Court of Common Pleas captioned *Frank Blake v. Quinniah Williams and Latroy Tyrone Bryant*, C.A. No.: 2022-CP-25-00045 ("Blake Lawsuit").

5. Taylor filed a lawsuit seeking damages arising out of the Underlying Accident against Defendants Quinniah Williams and Latroy Tyrone Bryant in the Hampton County Court of Common Pleas captioned *Katrina Taylor v. Quinniah Williams and Latroy Tyrone Bryant*, C.A. No. 2022-CP-25-00093 ("Taylor Lawsuit").

6. Defendant Quinniah Williams sought coverage for the Underlying Accident from State Farm under the Policy.

7. The Policy provides liability coverage for damages an "insured" becomes legally liable to pay because of "bodily injury" to others and damage to property caused by an accident that involves a vehicle for which that "insured" is provided liability coverage by the Policy.

8. With respect to liability coverage, the Policy defines "insured" as (1) "you" or "resident relatives" for (a) the ownership, maintenance or use of "your car," a "newly acquired car" or a "trailer" and (b) the maintenance or use of a "non-owned car" or a "temporary substitute

car," and (2) any other "person" for his or her use of "your car," a "newly acquired car," a "temporary substitute car" or a "trailer" attached to "your car", a "newly acquired car" or a "temporary substitute car."

9. The Policy defines "you" as the named insured, Frankie Williams. Defendant Quinniah Williams is not "you" as defined in the Policy.

10. The Policy defines "resident relatives" as a "person," other than "you," who resides primarily with the first "person" shown as a named insured on the declarations page and who is (1) related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried or unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured or (2) a ward or foster child of that named insured, his or her spouse, or a "person" described in (1).

11. Defendant Quinniah Williams is not a "resident relative" as defined in the Policy.

12. Because Defendant Quinniah Williams is not "you" or a "resident relative," she is only afforded liability coverage for her use of "your car," a "newly acquired car" or a "temporary substitute car."

13. The Policy defines "your car" as a 2010 Ford Taurus (VIN 1FAHP2EW1AG142752) owned by Frankie Williams.

14. The 2010 Ford Taurus (VIN 1FAHP2EW1AG142752) owned by Frankie Williams was not involved in, nor alleged to have been involved in, the Underlying Accident.

15. At the time of the Underlying Accident, Defendant Quinniah Williams was operating a 2021 Ford rented from and owned by U-Haul.

3

16. The Policy defines "temporary substitute car" as a car that is in the lawful possession of the person operating it and that replaces "your car" for a short time while it is out of use due to its breakdown, repair, servicing, damage or theft.

17. The 2021 Ford rented from and owned by U-Haul does not qualify as a "temporary substitute car" under the Policy because it was not replacing "your car" while it was out of use due to breakdown, repair, servicing, damage or theft.

18. The Policy defines "newly acquired car" as a "car" newly "owned by" "you."

19. The 2021 Ford rented from and owned by U-Haul was not purchased by Frankie Williams (or rented by Frankie Williams) and does not qualify as a "newly acquired car" under the Policy.

20. For the foregoing reasons, Defendant Quinniah Williams is not an "insured" afforded liability coverage under the Policy.[1]

21. The Policy provides uninsured motor vehicle coverage and underinsured motor vehicle coverage for damages for "bodily injury" and "property damage" an "insured" is legally entitled to recover from the owner or driver of an "uninsured motor vehicle" or an "underinsured motor vehicle."

22. With respect to uninsured motor vehicle coverage and underinsured motor vehicle coverage, the Policy defines "insureds" as (1) "you," (2) "resident relatives," (3) any other "person" while "occupying" or using (a) "your car," (b) a "newly acquired car" or (c) a "temporary substitute car" with the expressed or implied consent of "you," and (4) any "person" to the extent

---

[1] Defendant Quinniah Williams has stipulated that she does not qualify as an "insured" under the Policy for liability coverage. [D.E. #49].

he or she may recover damages under a state wrongful death statute because of the death of an "insured" under (1), (2) or (3).

23. The Policy defines "you" as the named insured, Frankie Williams. Defendant Quinniah Williams is not "you" as defined in the Policy.

24. Defendant Quinniah Williams is not a "resident relative" as defined in the Policy.

25. Because Defendant Quinniah Williams is not "you" or a "resident relative," she is only afforded uninsured motor vehicle coverage or underinsured motor vehicle coverage while "occupying" or using "your car," a "newly acquired car" or a "temporary substitute car" with the expressed or implied consent of "you."

26. The Policy defines "your car" as a 2010 Ford Taurus (VIN 1FAHP2EW1AG142752) owned by Frankie Williams.

27. The 2010 Ford Taurus (VIN 1FAHP2EW1AG142752) owned by Frankie Williams was not involved in, nor alleged to have been involved in, the Underlying Accident.

28. At the time of the Underlying Accident, Defendant Quinniah Williams was operating a 2021 Ford rented from and owned by U-Haul.

29. The Policy defines "temporary substitute car" as a car that is in the lawful possession of the person operating it and that replaces "your car" for a short time while it is out of use due to its breakdown, repair, servicing, damage or theft.

30. The 2021 Ford rented from and owned by U-Haul does not qualify as a "temporary substitute car" under the Policy because it was not replacing "your car" while it was out of use due to breakdown, repair, servicing, damage or theft.

31. The Policy defines "newly acquired car" as a "car" newly "owned by" "you."

32. The 2021 Ford rented from and owned by U-Haul was not purchased by Frankie Williams (or rented by Frankie Williams) and does not qualify as a "newly acquired car" under the Policy.

33. For the foregoing reasons, Defendant Quinniah Williams is not an "insured" afforded uninsured motor vehicle coverage or underinsured motor vehicle coverage under the Policy.[2]

## CONCLUSIONS OF LAW

34. By virtue of Taylor and Blake's failure to appear or otherwise respond to the Complaint in this matter, they are deemed to have admitted the allegations in the Complaint. *See Worsham v. Travel Options, Inc.*, 678 F. App'x 165 (4th Cir. 2017); *Joe Hand Promotions, Inc. v. Upstate Recreation*, No. CIV.A. 6:13-2467-TMC, 2015 WL 685461, at *4 (D.S.C. Feb. 18, 2015); *Lowery v. Am. Roller Grp. Health Plan*, No. CV 0:21-1567-MGL, 2021 WL 4806502, at *2 (D.S.C. Oct. 14, 2021).

35. The Policy provides liability coverage for "insureds" defined as "insured" as (1) "you" or "resident relatives" for (a) the ownership, maintenance or use of "your car," a "newly acquired car" or a "trailer" and (b) the maintenance or use of a "non-owned car" or a "temporary substitute car," and (2) any other "person" for his or her use of "your car," a "newly acquired car," a "temporary substitute car" or a "trailer" attached to "your car", a "newly acquired car" or a "temporary substitute car."

36. The Policy provides uninsured motor vehicle coverage and underinsured motor vehicle coverage for "insureds" defined as (1) "you," (2) "resident relatives," (3) any other

---

[2] Defendant Quinniah Williams has stipulated that she does not qualify as an "insured" under the Policy for underinsured motor vehicle coverage or uninsured motor vehicle coverage. [D.E. #49].

6

"person" while "occupying" or using (a) "your car," (b) a "newly acquired car" or (c) a "temporary substitute car" with the expressed or implied consent of "you," and (4) any "person" to the extent he or she may recover damages under a state wrongful death statute because of the death of an "insured" under (1), (2) or (3).

37. Defendant Quinniah Williams is not "you" as defined in the Policy.

38. Defendant Quinniah Williams is not a "resident relative" as defined in the Policy.

39. Defendant Quinniah Williams was not operating "your car" as defined in the Policy at the time of the Underlying Accident.

40. Defendant Quinniah Williams was not operating a "temporary substitute car" as defined in the Policy at the time of the Underlying Accident.

41. Defendant Quinniah Williams was not operating a "newly acquired car" as defined in the Policy at the time of the Underlying Accident.

42. Defendant Quinniah Williams does not qualify as an "insured" for liability coverage under the Policy and, as such, she is not entitled to defense or indemnity for claims or damages asserted against her arising out of the Underlying Accident, including, but not limited to, the claims and damages asserted by Blake and Taylor in the Underlying Lawsuits.

43. Defendant Quinniah Williams does not qualify as an "insured" for uninsured motor vehicle coverage or underinsured motor vehicle coverage under the Policy and, as such, she is not entitled to coverage for claims or damages she sustained arising out of the Underlying Accident.

Based on the foregoing, it is therefore **ORDERED, ADJUDGED, AND DECREED** that the Policy does not afford coverage for claims or damages arising out of the Underlying Accident.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

May 17, 2024
Charleston, South Carolina